UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER C.,

                        Plaintiff,

v.                                                               CASE # 20-cv-01774

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>MARY ELLEN GILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | HEATHER SERTIAL, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on September 8, 1970, and has at least a high school education. (Tr. 40, 233). Generally, plaintiff's alleged disability consists of diabetes, high blood pressure, chronic pancreatitis, fractured vertebra, herniated disc in neck, Hepatitis B, liver failure, anxiety, depression, neuropathy, seizure disorder, and carpal tunnel syndrome. (Tr. 237). His alleged onset date is June 23, 2013, and his date last insured was December 31, 2016. (Tr. 233).

### B. Procedural History

On February 25, 2018, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act and a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 217-20). Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On January 3, 2020, plaintiff appeared before ALJ B. Hannan. (Tr. 32-76). On February 11, 2020, ALJ Hannan issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-26). The Appeals Council (AC) denied review on October 9, 2020, and thereafter, plaintiff timely sought judicial review in this Court. (Tr. 1-3).

### C. The ALJ's Decision

Generally, in her decision, ALJ Hannan made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since June 23, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: cervical disc herniation, status post anterior cervical discectomy and fusion (ACDF); lumbar disc herniation; and diabetes mellitus with peripheral neuropathy (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can operate foot controls occasionally with the right foot and the left foot. He can occasionally reach overhead to the left and to the right. He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can frequently balance, and he can occasionally stoop, kneel, crouch, and crawl. He can never work at unprotected heights. He can work occasionally in vibration and can work in moderate noise.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 8, 1970 and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR 82-41 and 20 CFR, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 23, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-26).

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff argues the ALJ erred in relying on stale opinion evidence, which had been rendered prior to a motor vehicle accident and spinal surgery, and then mischaracterized the evidence in concluding plaintiff's condition subsequently improved. Further, plaintiff argues the ALJ erred in failing to make any attempt to develop the record with opinion evidence relating to the relevant time period for the Title II claim. (Dkt. No. 10 at 10 [Pl.'s Mem. of Law]).

### B.  Defendant's Arguments

In response, defendant makes a broad argument that the ALJ's RFC determination was supported by substantial evidence and that the ALJ properly weighed the medical opinion of record. Defendant also argues the ALJ had no obligation to further develop the record. (Dkt. No. 11 [Def.'s Mem. of Law]).

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Physical RFC

Plaintiff argues the RFC is not supported by substantial evidence because the ALJ relied on a stale medical opinion and mischaracterized evidence from a subsequent impairment and surgery to support a conclusion of improvement. (Dkt. No. 10 at 10). The general principles concerning the ALJ's function in making an RFC finding are well settled, including the principle that an ALJ's RFC finding need not perfectly correspond to any particular medical opinion, but instead should be consistent with all of the credible relevant evidence. *Violet-Maria R. v. Comm'r of Soc. Sec.*, No. 1:19-CV-0999 (CJS), 2021 WL 1169186, at *4 (W.D.N.Y. Mar. 29, 2021); *see also, Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (Rejecting argument that ALJ had improperly substituted his medical judgment for expert opinion, stating that: "Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Camille v. Colvin*, 652 F. App'x 25, 29 n. 5 (2d Cir. 2016) ("The ALJ used Dr. Kamin's opinion as the basis for the RFC but incorporated additional limitations based on, *inter alia*, the testimony of Camille that she credited. An ALJ may accept parts of a doctor's opinion and reject others.") (citations omitted).

At issue in this case is the May 15, 2018, opinion from consultative examiner Dr. Rosenberg. (Tr. 335-441). On examination, plaintiff had decreased range of motion of the cervical spine and lumbar spine, decreased right shoulder abduction, decreased right hip rotation both interior and exterior, and was unable to walk on heels and toes. (Tr. 337-38). Imaging of the cervical spine showed degenerative spondylosis at C5-C6 and C6-C7. (Tr. 341). Dr. Rosenberg opined plaintiff had "mild restrictions for activities that require twisting and turning of the cervical spine"; "mild restrictions for activities that require prolonged, uninterrupted bending, heavy lifting and carrying"; "mild restrictions for activities that require pulling, pushing, reaching, and repetitive use of the arms." (Tr. 339.) Although rendered over a year and a half prior to the decision, the ALJ found the opinion to be somewhat persuasive and generally consistent with other evidence of record. (Tr. 24). Plaintiff argues a subsequent accident that caused his existing neck pain to worsen, but which was alleviated by surgery, rendered the opinion stale. Plaintiff then argues the ALJ failed to adequately develop the record by not obtaining an updated opinion. (Dkt. No. 10). However, the Court finds that plaintiff's arguments lack merit.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016). Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at \*6 (W.D.N.Y. May 12, 2017). In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition. *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155

(W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)). Moreover, remand is not warranted where the ALJ fully analyzed the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020).

In support of his assertion, plaintiff cites evidence of a motor vehicle accident in July 2018, two months after Dr. Rosenberg's exam, and a spinal surgery (C3-7 anterior cervical discectomy and fusion) on October 31, 2018, five months post exam by Dr. Rosenberg. (Tr. 369). However, subsequent surgeries and new diagnosis do not, alone, render opinions stale. The evidence provided after the administrative findings do not "directly contradict" the opined limitations and the ALJ analyzed the subsequent evidence cited by plaintiff. *Blash*, 813 F. App'x at 644. In addition, plaintiff bears the burden at step four and must show that his physical condition deteriorated after the medical opinions were provided. *Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021). Although plaintiff claims his subsequent spine surgery and deteriorating conditions rendered Dr. Rosenberg's opinion stale, plaintiff fails to provide evidence establishing greater functional limitations after surgery. (Dkt. No. 10).

As an initial matter, plaintiff neglects to discuss the medical records prior to the 2018 accident that show medical treatment for herniated discs in his spine and complaints of a neck fracture in 2014. (Tr. 369, 687). Plaintiff also appears to argue the ALJ misstated the record in concluding plaintiff had improvement after the surgery. In consideration of plaintiff's neck impairment and related limitations, the ALJ summarized the treatment record from both before and after the accident/surgery. After plaintiff's accident and surgery in 2018, plaintiff reported on several occasions that the surgery improved his arm and neck symptoms, he was feeling much better overall, and his post-operative left arm pain had completely resolved. (Tr. 23, 610, 617, 806, 812). He also reported good results when taking hydrocodone or Flexeril shortly after the surgery

(Tr. 610, 617), and by July 2019, plaintiff's symptoms had improved to the extent that he reported he was no longer taking these pain medications. (Tr. 806). Moreover, the ALJ noted that the treatment notes were largely unremarkable. (Tr. 21-24). Furthermore, the ALJ fully discussed the objective findings from diagnostic imaging which revealed that after the cervical procedure, plaintiff's spine showed stable satisfactory changes. (Tr. 815).

As it pertains to her consideration of the opinion evidence, ALJ Hannan found Dr. Rosenberg's opinion somewhat persuasive under the new regulations for medical opinion evidence. The new regulations provide that the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520a, 416.920c(a) (2017). The ALJ appropriately adhered to the new regulations and considered the supportability and consistency factors of Dr. Rosenberg's opinion. (Tr. 21-24). As discussed above, plaintiff argued his condition deteriorated due to the neck pain and surgery, however, there were records prior of injuries involving his neck as early as 2014. (*See* Tr. 687-89). *See Camille v. Colvin*, 652 F. App'x 25 (2d Cir. 2016) (holding that an opinion is not stale, despite being rendered without benefit of seeing subsequent records, where notes post-dating the opinion were not materially different from those pre-dating it). Similarly, in July 2016, plaintiff explained that he has suffered from neck pain since 1990 after a car accident, he had herniated discs in his neck, and diagnostic imaging showed that he had kyphosis, cervical stenosis, and multiple levels of degenerative disc disease. (Tr. 697-98). Lastly, even during the consultative examination in May 2018, plaintiff reported neck and back pain, and Dr. Rosenberg diagnosed plaintiff with neck, back, and shoulder pain. (Tr. 335, 338). This Court has previously held that chronic pain is not

evidence of a deteriorating condition. *See Carney v. Berryhill*, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).

Plaintiff's argument that there may be a possibility of additional cervical surgery, which the ALJ did not properly consider, is not availing as there is no evidence during the relevant period to support his claims. Although there was discussion of the potential for a future surgery, an ALJ does not have a duty to develop records for evidence that does not yet exist. Based on the largely normal medical findings and plaintiff's own reported improvement after his surgery, the ALJ did not need to further develop the record or order an additional consultative examination. The decision of whether or not to take such an action is within the discretion of the Commissioner and where the record is "adequate for [the ALJ] to make a determination as to disability," no additional evidence must be required. 20 C.F.R. §§ 404.1519a, 416.919a, 404.1520b(a)(b)(1), 416.920b(a), (b)(1).

In sum, in evaluating the evidence in the record, the ALJ discussed the prior administrative findings, as well as evidence of subsequent surgeries, imaging, diagnosis, and treatment in general. Plaintiff fails to prove that the subsequent evidence provided greater functional limitations than found by the ALJ. In addition, the ALJ did not misstate evidence in the record of plaintiff's response to surgery. Therefore, the administrative findings of the consultative medical source were not rendered stale by subsequent evidence in the record. The ALJ reasonably explained from the record as a whole, and not just Dr. Rosenberg's opinion, that the neuropathy and cervical symptoms resulted in an RFC for light work, with no more than occasional reaching overhead to both his left and right sides; occasional operation of foot controls bilaterally; occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; never working at unprotected heights or climbing ropes, ladders, or scaffolds; and balancing frequently. (Tr. 21, 24).

Plaintiff additionally argues the ALJ did not fully consider his symptoms and subjective complaints, however the ALJ unquestionably stated that she found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence of record. (*See* Tr. 21-24). 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. The ALJ discussed plaintiff's treatment modalities including post-operative notes and weening off of pain medications after surgery. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (adjudicator properly considers the treatment modalities utilized, and the effectiveness of treatment to relieve pain and other symptoms). The ALJ also considered plaintiff's daily activities, noting that he was able to bathe, dress, and groom himself; prepares meals, clean, and do laundry; engages in sports and fishing; goes outside a few times per week and takes walks outdoors; goes grocery shopping, takes care of his cats, reads, watches television, listens to the radio, and enjoys talking to family members on the phone and socializing with friends. (Tr. 23, 54, 57, 244-47, 336). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i), (adjudicator properly considers the individual's daily activities); SSR 16-3p; *see also Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (holding that Plaintiff's activities of daily living was an important indicator of her true level of physical functioning). In making her finding, the ALJ properly considered the totality of the evidence and the RFC determination is supported by substantial evidence.

**ACCORDINGLY,** it is

    ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is

        DENIED; and it is further

    ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is

        GRANTED.

Dated: November 8, 2022                                  *J. Gregory Wehrman*
Rochester, New York                                   HON. J. Gregory Wehrman
                                                            United States Magistrate Judge